**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 CR 246 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| SAMUEL BUSH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant's amended motion for a reduction of sentence [51] is denied without prejudice. Defendant's original motion [47] is deemed withdrawn. See Statement for details.

## STATEMENT

Defendant Samuel Bush is serving a sentence including a term of custody of 66 months following a conviction in 2018 by guilty plea to unlawful possession of a firearm by a felon. Bush is presently incarcerated in FCI Elkton, in Ohio, and has a projected release date of April 13, 2023. He has filed a pro se motion seeking a sentence reduction permitting release to home confinement premised on risks posed by the COVID-19 virus. Dkt. 51.[1] The motion seeks the reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling" circumstances—specifically, the risks posed by the COVID-19 public health emergency.

The Court cannot presently consider the defendant's motion, however, because it does not establish that the defendant has exhausted available administrative remedies, which is a prerequisite to filing a sentence reduction motion in federal court. Section 3582(c) prohibits courts from modifying a term of imprisonment once it has been imposed except as expressly permitted within that subsection. *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). One of the exceptions provided is the so-called "compassionate release" provision, which is set forth in § 3582(c)(1)(A). As relevant here, that provision allows courts to reduce a term of imprisonment for "extraordinary and compelling reasons." But a court may not grant compassionate release on its own initiative; it may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants' behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That means that "before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to

---

[1] This filing is incorrectly identified on the docket as a "motion for retroactive application of sentencing guidelines to Crack Cocaine Offense." The motion is predicated on the sentence reduction provisions of § 3582(c)(1)(A), not § 3582(c)(2).

respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). This express exhaustion requirement "presents a glaring roadblock foreclosing compassionate release" for a defendant who has not given the BOP thirty days to consider his request for compassionate release. *Id.* at 597.

The burden of showing exhaustion of remedies lays with the defendant in the context of a sentence reduction motion pursuant to § 3582(c)(1)(A). *United States v. Gold*, Case No. 15-CR-330, 2020 WL 2197839, *1 (N.D. Ill. May 6, 2020). Mr. Bush's motion asserts that he submitted a request for relief to the Warden on or about April 15, 2020 and that he received a denial of that request on or about May 1, 2020. He did not, however, include any documentation of that request and/or denial and the government's response reports that the BOP has no records of such a request or denial. If Mr. Bush has previously requested a sentence reduction pursuant to § 3582(c)(1)(A) based on the COVID-19 emergency, he should resubmit his motion with evidence that he made such a prior request (*e.g.*, a copy of the request and/or the denial; an affidavit or declaration under penalty of perjury). If he has not previously made a request to the Warden of his facility, then he must do so and give the BOP at least 30 days to respond to that request before asserting another motion in this Court.

Dated: August 5, 2020

John J. Tharp
United States District Judge